UNITED STATES DISTRICT COURT　　　　　　　　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.　**CV 12-10675-JFW (JCGx)**　　　　　　　　　　Date: December 20, 2012

Title:　　Wells Fargo Bank NA -v- Roberto Peraza, et al.

**PRESENT:**

　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

　Shannon Reilly　　　　　　　　　　　　　None Present
　Courtroom Deputy　　　　　　　　　　　　Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**　　**ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None　　　　　　　　　　　　　　　　　　　　　None

**PROCEEDINGS (IN CHAMBERS):**　　ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

　　On April 23, 2012, Plaintiff Wells Fargo Bank NA ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Roberto Peraza & Vilma Cristina Peraza ("Defendants") in Los Angeles Superior Court. On December 13, 2012, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction.

　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

　　Defendants fail to meet their burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Defendants alleges in their Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of

jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

      For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.